Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50084 | **DATE** | 3/18/2002 |
| **CASE TITLE** | Chatmon vs. Winnebago County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to certify

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to certify is granted in part and denied in part. The court hereby certifies the following class under Rule 23(b)(2) solely for purposes of prospective relief, with plaintiff to act as named representative and plaintiff's counsel to act as class counsel: All persons who were, as of March 15, 2000, currently are, or may in the future be incarcerated at the Winnebago County Jail as convicted midemeanants or felons.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAR 18 2002 date docketed | 72 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3-18-02 date mailed notice | |
| /LC | courtroom deputy's initials | 02 MAR 18 AM 10:01 | AW mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

On March 15, 2000, plaintiff, Timothy Chatmon, filed a single-count complaint against defendants, Winnebago County, Steve Chapman, in his official capacity as the Winnebago County Administrator, and Richard A. Meyers, in his official capacity as the Winnebago County Sheriff. Chatmon, who was both a pretrial detainee and posttrial inmate at the Winnebago County Jail ("Jail") at various times, alleges the conditions at the Jail were constitutionally deficient in numerous respects, in violation of 42 U.S.C. § 1983. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Chatmon now moves to certify two classes solely for purposes of injunctive relief pursuant to Federal Rule Civil Procedure 23(b)(2).

Chatmon's proposed Class 1 – all persons who were, are, or may be incarcerated at the Jail as pretrial detainees, as of three years before the date this action was filed up until judgment is entered in this case – poses an insurmountable jurisdictional obstacle. Chatmon himself was not a pretrial detainee at the Jail when he filed suit and does not allege he is likely to be such again. This, combined with the fact that he seeks to certify Class 1 under Rule 23(b)(2) purely for prospective relief, means he has failed to raise a live "case or controversy" with respect to his request for injunctive relief as a pretrial detainee. See Holmes v. Fisher, 854 F.2d 229, 231 (7th Cir. 1988). True, Chatmon was a pretrial detainee at the Jail some four years before he sued, but this entitles him only to pursue his own claim for damages regarding his pretrial detention (barring any statute of limitations problem), not to represent a class of pretrial detainees seeking equitable relief. See id. at 232.

Chatmon's proposed Class 2 fares somewhat better. This class is essentially the same as Class 1, except it pertains to posttrial, not pretrial, detainees. Although this class does not suffer from the same jurisdictional flaw as Class 1, defendants oppose Class 2 on a number of other grounds. First, they argue Chatmon seeks redress for mental or emotional injuries only, which is barred by 42 U.S.C. § 1997e(e). The short answer to this is that, as Chatmon correctly points out (though without citing any case law), § 1997e(e) does not apply when only injunctive relief is sought. See Zehner v. Trigg, 133 F.3d 459, 462 (7th Cir. 1997); see also Perkins v. Kansas Dep't of Corrs., 165 F.3d 803, 808 (10th Cir. 1999).

Second, defendants argue Chatmon's claims do not satisfy the "typicality" requirement of Rule 23(a)(3).[1] They point out the Jail consists of some twenty-two different cell blocks, each of which is separately classified and has its own available square footage and configuration. And because Chatmon did not stay in all twenty-two cell blocks, defendants conclude his experience in the Jail cannot be typical of all the class members. The court is not persuaded. Chatmon alleges system-wide problems of overcrowding, double- and triple-bunking of inmates, mixing inmates of different classifications, lack of ventilation and recreation facilities, and not separating inmates suffering from communicable diseases – problems pervading throughout the entire Jail and affecting all the inmates. These conditions are further alleged to endanger the "health, safety, and welfare" of the class members, including Chatmon, in the same ways, such as being assaulted or battered, threatened by more violent inmates, and exposed to communicable diseases, all of which is said to violate the inmates' right to be free from cruel and unusual punishment under the Eighth Amendment. Chatmon's claims are thus typical because they arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983). That is, Chatmon's claims have the "same essential characteristics as the claims of the class at large." Id. That the particular conditions may differ slightly from one cell block to the next, or that there are factual distinctions between the actual injuries suffered by Chatmon and the class members, does not defeat typicality under Rule 23(a)(3). See id.; Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992), cert. denied, 506 U.S. 1051 (1993); cf. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993).

Third, defendants challenge whether Chatmon is really seeking just injunctive relief and thus question whether Rule 23(b)(2) is the right vehicle for the proposed class. While Chatmon has affirmatively declared he wishes to certify Class 2 for purposes of injunctive relief only, defendants argue the "prayer for relief in his complaint belies his contention." As proof that Chatmon also seeks money damages, they point to Chatmon's request for the court to order defendants to build a new jail. The court is inclined to agree with defendants that this type of relief is beyond the court's equitable power, see 18 U.S.C. § 3626(a)(1)(C), but this means only that this particular request should be stricken, not that class certification should be denied altogether. Indeed, Chatmon's ad damnum clause seeks in general whatever "permanent relief in such form and manner as the Court may deem necessary and proper to remedy" the conditions at the Jail. It remains to be seen exactly what other type of equitable relief the court may order, but that is for another day. (That aside, the court is not at all convinced an order to build a new jail can be equated with traditional money damages, as any money expended to comply with such an order likely would be considered "incidental," see Lemon v. International Union of Operating Eng'rs, 216 F.3d 577, 580-81 (7th Cir. 2000), and would not be going directly into the hands of individual class members.)

With all of that said, the court on its own finds it necessary to slightly modify the proposed class definition for Class 2. As discussed above, it makes little sense to include in the class persons who were no longer inmates at the time suit was filed when the class is being certified purely for prospective relief.

For the reasons stated above, plaintiff's motion to certify is granted in part and denied in part. The court hereby certifies the following class under Rule 23(b)(2) solely for purposes of prospective relief: All persons who were, as of March 15, 2000, currently are, or may in the future be incarcerated at the Winnebago County Jail as convicted midemeanants or felons. Chatmon is appointed as class representative and Chatmon's counsel is appointed as class counsel.

---

[1] Defendants do not contest the numerosity and commonality prerequisites under Rule 23(a)(1)-(2). Other than the issues already discussed above, defendants also make no further challenges to the adequacy of representation factor of Rule 23(a)(4). The court thus accepts the unrebutted evidence offered in Chatmon's affidavit in support of the motion to certify regarding these prerequisites and accordingly finds they are satisfied.