Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50084 | **DATE** | 12/9/2003 |
| **CASE TITLE** | Chatmon, et al vs. Winnebago County, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached Report and Recommendation, it is the recommendation of the Magistrate Judge that attorney's fees be awarded as follows: Mr. Greenwald - $41,053.50, Ms. Delia- $165.00, and Mr. Heckinger- $99,630.00.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC -9 2003 date docketed | 45 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 DEC -9 PM 3:33 | 12/9/2003 date mailed notice | |
| sp | courtroom deputy's initials | FILED-MB | sp mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TIMOTHY CHATMON, and<br>TIMOTHY CHATMON, JR,<br><br>Plaintiff,<br><br>v.<br><br>WINNEBAGO COUNTY, a body politic,<br>STEVE CHAPMAN, in his representative<br>capacity as Winnebago County Administrator,<br>and RICHARD A. MEYERS, Sherrif, in his<br>representative capacity as Winnebago County<br>Sheriff,<br><br>Defendants. | Case No. 00 C 50084<br><br>Philip G. Reinhard<br>P. Michael Mahoney |

## Report and Recommendation

This matter comes before this court pursuant to Judge Reinhard's October 17, 2003 Order which granted the interim stay of proceedings between the parties and sought a recommendation from the Magistrate Judge as to attorney's fees. The parties submitted a joint statement and other materials pursuant to Local Rule 54.3. In addition, the court conducted a hearing on December 8, 2003. For the following reasons, it is the Report and Recommendation of this court that if Section 1997e(d)(3) is constitutional, then attorney's fees should be awarded as follows: Mr. Greenwald - $41,053.50, Ms. Delia- $165.00, and Mr. Heckinger- $99,630.00. If, however, Section 1997e(d)(3) is found to be unconstitutional, then this court recommends awarding attorney's fees as follows: Mr. Greenwald - $66,902.00, Ms. Delia- $264.00, and Mr. Heckinger- $162,360.00.

## Background

Timothy Chatmon and Timothy Chatmon, Jr., were both at one time confined to

Winnebago County Jail. Both men brought action against Winnebago County, pursuant to 42 U.S.C. § 1983, alleging that the Winnebago County Jail is overcrowded, in a state of disrepair and not in compliance with minimum standards of county jails with respect to the maintenance of the facility, the physical condition of the facility, and the treatment of inmates. (Am. Compl. at ¶ 6). Both men sought injunctive and monetary relief. On August 6, 2002, Judge Reinhard granted class certification naming Timothy Chatmon, Jr. as the class representative. The Plaintiff class was limited to those persons who, as of March 15, 2000, were or in the future could be incarcerated at Winnebago County Jail as pretrial detainees.

Later in the litigation, a stipulation for stay of litigation was entered into by the parties. The agreement was presented to Judge Reinhard on September 12, 2003. According to the stipulated stay, Winnebago County plans to construct a new main jail facility which would have a capacity of 900 beds, and potentially a capacity of 1200 beds. In addition, the County plans to implement certain interim programs and objectives which would alleviate the overcrowding that is occurring at the Winnebago County Jail.

Winnebago County also set out a timetable starting March 1, 2004 and ending September 1, 2005 and specific objectives as to the number of inmates who would occupy the Winnebago County Jail until such time as the new facility was constructed. If the County fails to fulfill their obligations under the stipulations, then the Plaintiff class would have the right to petition the District Court and set a date for hearing on the Complaint.

In an order dated October 17, 2003, Judge Reinhard approved the agreement, specifically stating that the interim agreement was fair, reasonable, and just. Additionally, Judge Reinhard referred the case to the Magistrate Judge to make a recommendation on the proper attorney's fees

2

for Plaintiff class.

## Discussion

The first issue this court must resolve is whether the Plaintiff class is a prevailing party. The Supreme Court has stated that, in order to be a prevailing party, a plaintiff must have obtained some judicially sanctioned relief on the merits of the claim, such as a court judgment or a consent decree, that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *See Texas State Teacher Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989)(stating that although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered "chang[e] [in] the legal relationship between [the plaintiff] and the defendant.")(citing *Hewitt v. Helms*, 482 U.S. 755, 760-761 (1988)(*per curia*)).

It appears to this court that the parties' legal relationship has been modified by this agreement. The Plaintiff class receives specific representations and timetable and Winnebago County gets a delay in further litigation to rectify the situation. Therefore, the Plaintiff class should be considered a prevailing party as that term is used under Section 1988. Because the Plaintiff class is a prevailing party, the court may award fees, but only in an amount that is reasonable in light of the degree of overall success. If a plaintiff is a prevailing party but the success is merely technical or de minimus, the presumption is that no fee should be awarded. *See Johnson v. Daley*, 339 F.3d 582, 609 (7th Cir. 2003)(*en banc*)(Rovner, J., dissenting), *petition for cert. filed*, (U.S. Nov. 17, 2003)(No. 03-732)(citing *Farrar v. Hobby*, 506 U.S. 103, 115 (1992)(stating where the plaintiff recovers only nominal damages "the only reasonable fee is usually no fee at all")). The most important factor in a decree award is the success obtained. A

3

court must balance the relationship between the extent of success that was obtained on behalf of the plaintiff or the plaintiff class and the amount of fees that is requested as far as the award is concerned. When a plaintiff achieves only partial or limited success, that factor should be considered in making a determination as to what would be a reasonable fee. Or, stated another way, under Section 1997e(d)(1)(A) the amount of fees and expenses awarded to a prisoner under Section 1988 are those which are "directly and reasonably incurred in proving an actual violation of the plaintiff's rights... ." 42 U.S.C. § 1997e(d)(1)(A). Further, in doing so, the court is guided by the common "lodestar" method of multiplying a reasonable hourly rate by the hours reasonably expended establishing the violation of the plaintiff's rights. Therefore, in order to collect attorney's fees and expenses, the Plaintiff class must show that those attorney's fees and expenses were correctly and reasonably incurred in successfully proving violations of the certified class' constitutional rights.

If the above is not complicated enough, the Prison Litigation Reform Act ("PLRA") has an impact on this process. The PLRA places a cap on the amount of rates that an attorney can charge in regard to an action which is brought by a prisoner who is confined to any jail, prison or other correctional facility. Specifically, Section 1997e(d)(3) provides "No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate *established* under [18 U.S.C. § 3006A] for payment of court-appointed counsel." (Emphasis added). Therefore, in order to determine the proper hourly rate cap, this court must make a determination of what the word "established" means as it pertains to 18 U.S.C. § 3006A.

Section 18 U.S.C. § 3006A(d)(1) provides, in pertinent part:

> **Hourly rate**. – Any attorney appointed pursuant to this section ... shall, at the conclusion of the representation or any segment thereof, be compensated at a rate not exceeding $60 per hour for time expended in court or before a United States magistrate judge and $40 per hour for time reasonably expended out of court, unless the Judicial Conference determined that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit, for time expended in court or before a United States magistrate and for time expended out of court.

According to the Seventh Circuit, the Judicial Conference, in September 2000, authorized the use of the $75 rate for all work nationwide and determined that the inflation-adjusted rate also allowed by the statute would be $113 per hour, but that appropriated funds did not permit compensation at more than $75. *Johnson*, 339 F.3d at 584, n. 1. The 2002 and 2003 appropriations act permits funds of $90 per hour for all work performed after May 1, 2002, which would set a maximum cap rate of $135 per hour. However, if the CJA rate is the $113 per hour, the cap rate would be $169.50 (150% of $113). *Id.* The Seventh Circuit did not ultimately decide whether the $135 or 169.50 rate is appropriate. *Id.* (stating that "we do not imply any view on the question whether [$135] is the right one, or whether instead $169.50."). Based on this court's research, two circuits have decided this issue (and they disagreed)– the Ninth and the Third.

In *Webb v. Ada County*, the Ninth Circuit, in determining the meaning of the word "established" in 1997e(d)(3) held that "Section 1997e(d)(3) makes no distinction between the amount authorized by the Judicial Conference and the amount actually appropriated by Congress to compensate court-appointed counsel in criminal proceedings." 295 F.3d 829, 839 (9th Cir. 2002). The Third Circuit, on the other hand, in *Hernandez v. Kalinowski*, held that "Due to federal budgetary constraints, that rate was not yet implemented at any time during this

5

litigation[,]" and thus, does not apply. 146 F.3d 196, 201 (3rd Cir. 1998). This court tends to agree with the Third Circuit. Based on what little this court can garner from the Seventh Circuit's language in *Johnson* and Third Circuit's interpretation, it appears that "established" means more than authorized by the Judicial Conference. In fact, it appears that the inflation-adjusted rate really may not be authorized by the Judicial Conference until such time that it is funded. In other words, funding appears necessary in order to get to the "established" rate as it is used in Section 1997e(d)(3). Therefore, this court recommends that a capped rate of $135 apply.

The second issue is then, after determining the proper rate under Section 1997e, what is the reasonable amount of hours that can be billed. Taking into consideration the limited success that has been obtained, the fact that no injunction has been entered by Judge Reinhard, the fact that the County is actually not bound by any court order or agreement to take any type of action, and that the only remedy is the revitalization of this cause of action, the court is going to have to determine the number of hours that have been produced by the class counsel in obtaining prevailing party status and that would be reasonable under all the circumstances.

First, before proceeding, this court notes that the parties do not dispute the 304.1 hours billed by Mr. Thomas E. Greenwald, the 1.2 hours billed by Ms. Debra Delia, the 37 hours billed by Ms. Alice Field[1] (apparently not an attorney) and 461 hours billed by Mr. Heckinger. Therefore, those hours will be adopted in this court's recommendation. The major issue is in regards to 739 additional hours billed by Mr. J.F. Heckinger, which were mainly spent in the

---

[1] Although Ms. Field's hours are not in dispute, there is some discrepancy regarding her hourly rate. The Joint Statement Pursuant to LR54.3 indicates that the class is seeking $75.00 an hour while Winnebago County is seeking to pay her $135 an hour. This court will adopt the class rate and recommend that Ms. Field be awarded $2,775.00 (37 x $75).

6

Winnebago County Jail, either examining the jail facilities or discussing the pending litigation with inmates of the Winnebago County Jail. At the request of the court, Mr. Heckinger has provided an affidavit to the court in which he estimated approximately how the 700 + hours was spent by him in the Winnebago County Jail. He initially estimated that 7% of the time, approximately 52 hours, was spent investigating the conditions in the Winnebago County Jail. The court holds that this 52 hours is a reasonable amount of time and further holds that it is directly related to the success which was achieved on behalf of the class. Mr. Heckinger believes that another 451 hours was spent on matters which he calls directly related to the prosecution or the defense of the case or an investigation of conditions in the Winnebago County Jail.

The court has examined the entire court file and gone through all the material that has been presented by the parties. The Magistrate Judge has been the person who was overseeing the litigation from its inception. The Magistrate Judge has had the opportunity to observe prisoner litigation and litigation in regards to jail conditions for over 25 years, is well aware of what would be a reasonable amount of time to spend in order to prepare litigation to the stage that this litigation is at, does understand that the plaintiffs have to have contact with people inside the jail, does understand that there has to be some type of investigation which would include finding out what the conditions of the jail are other than observation, (in other words getting direct testimony from inmates as to what was occurring) and believes that a reasonable amount of time to obtain the type of success that has been attained by the stipulation, based upon the total knowledge of this case, is an additional 225 hours. Added to the 52 hours spent on observational investigation of the conditions of the Winnebago County Jail, a reasonable amount of time in regard to Mr. Heckinger would be the sum of those two figures or 277 hours (plus the 461

7

uncontested hours)– totaling an award of $99,630.00 (461 + 277=738 x $135) for Mr. Heckinger. Further, having determined $135.00 to be the rate, this court recommends awarding Mr. Greenwald $41,053.50 (304.1 x $135.00) and Ms. Delia $165.00 (1.2 x $135.00).

If, however, the Supreme Court ultimately determines that Section 1997e(d)(1)(A) is unconstitutional, then this court must determine attorney's fees pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Specifically, this court must determine a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. The court may then reduce or augment the lodestar amount by what are known at the *Hensley* factors, the most important of these being the "results obtained" factor. *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998)(citing *Hensley* at 434). Mr. Heckinger and Mr. Greenweld ask this court to set a rate of $400.00 an hour. They base that amount on two previous cases in which they were awarded attorney's fees which amounted to $400.00 an hour or more. The specifics of those cases are not known. Specifically, this court does not know the methodology of how attorney's fees were awarded in those cases or if better results were obtained. Additionally, to this court's knowledge, there is no willing client currently paying either attorney $400.00 an hour. Based on other cases and other attorney's fees petitions for similar results in similar cases, this court recommends a rate of $220.00 an hour. Based on that amount, if 1997e(d)(3) is ultimately found unconstitutional, this court recommends that Mr. Greewald be awarded $66,902.00 (304.1 x $220.00), Ms. Delia be awarded $264.00 (1.2. x $220), and Mr. Heckinger be awarded $162,360.00 (738 x. $220).

8

## Conclusion

In view of the *en banc* decision of the Seventh Circuit upholding the constitutionality of the cap, *Johnson*, 339 F.3d at 597, it is the Report and Recommendation of the Magistrate Judge that attorney's fees be awarded as follows: Mr. Greenwald - $41,053.50, Ms. Delia- $165.00, and Mr. Heckinger- $99,630.00. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE 12/9/03